UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                     (For Online Publication Only)
----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                       **MEMORANDUM & ORDER**
                                                       18-cr-00374 (JMA)

        -against-

STEVEN PAGARTANIS,

                              Defendant.
----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Defendant Steven Pagartanis moves <u>pro se</u>, pursuant to 18 U.S.C. § 3582(c)(2), for a two-point reduction in sentence under Amendment 821 to the U.S. Sentencing Guidelines. (ECF No. 57.) The Government opposes Mr. Pagartanis's motion. (ECF No. 58.) For the below reasons, the motion is denied.

                                                     **I.    BACKGROUND**

      In December 2018, Mr. Pagartanis pleaded guilty to conspiring to commit mail and wire fraud in connection with a massive securities fraud and money laundering scheme he perpetrated over the course of about eighteen years.[1] (<u>See</u> ECF No. 29, at ¶ 54 ("PSR").) Prolonged plea negotiations between defense counsel and the Government culminated in a written plea agreement, which contemplated a total offense level of 32 and Guidelines range of 121–151 months' imprisonment.[2] (<u>See</u> Ex. 1 at ¶ 2, ECF No. 53-1.) Neither party stipulated to the Guidelines

---

[1]    Mr. Pagartanis's plea was entered before the Honorable Joseph Bianco, then a United States District Court Judge for the Eastern District of New York.

[2]    The Guidelines estimate therein began with a Base Offense Level of 7 (§ 2B1.1(a)(1)); a loss that exceeded $ 9,500,000 (§ 2B1.1(b)(1)(J)), which added 20 points; a 2-point adjustment for an offense involving 10 or more victims (§ 2B1.1(b)(2)(A)(i)); a 2-point adjustment for an offense that involved sophisticated means (§ 2B1.1(b)(10)(C)); a 4-point adjustment for Mr. Pagartanis's broker dealer association (§ 2B1.1(b)(19)(A)(ii) and (iii));

calculation, and the plea agreement clearly stated that "[t]he Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department[,] or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason … different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement." (See id. at ¶ 3.) The Guidelines calculation in Mr. Pagartanis's PSR was, indeed, different from the estimate in the plea agreement. (See PSR ¶ 125.) Specifically, Mr. Pagartanis's plea agreement with the Government unintentionally and mistakenly omitted the two-point adjustment for vulnerable victim status pursuant to U.S.S.G. § 3A1.1(b). The resulting Guidelines calculation was 151–188 months' imprisonment. (See id.)

In its sentencing memorandum, the Government agreed with the PSR that the vulnerable victim enhancement was appropriate given the facts and circumstances of Mr. Pagartanis's offense conduct. (See ECF No. 33.) In his memorandum, Mr. Pagartanis challenged, among other things, the vulnerable victim enhancement's applicability. At a sentencing hearing in January 2020, I heard extensive argument from counsel on, among other things, the applicability of the vulnerable victim enhancement. (See Ex. 2 at 3:2–15:2, ECF No. 47-2.) After considering the briefing and the arguments, I agreed with the Government and the Probation Department that the vulnerable victim enhancement applied. (See id. at 15:12–16:4.) Then I sentenced Mr. Pagartanis to a term of 170 months' imprisonment, to be followed by 3 years of supervised release. (See ECF No. 40.) After unsuccessfully challenging his conviction and sentence both on direct appeal and collaterally under 28 U.S.C. § 2255, Mr. Pagartanis now moves to reduce his sentence. (See ECF No. 57.)

---

and a 3-point downward adjustment for acceptance of responsibility (U.S.S.G. §§ 3E1.1(a)–(b)); resulting in a total offense level of 32 and a Guidelines range of 121–151 months. (See Ex. 1 at ¶ 2, ECF No. 53-1.)

## II.     DISCUSSION

Under 18 U.S.C. § 3582(c)(2), "a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive." United States v. Tejeda, 2024 WL 1676329, at *1 (S.D.N.Y. Apr. 18, 2024) (Chin, J.) (citing United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020)). To do so, the court must first "'determine the amended guideline range that would have been applicable to the defendant' if [the amendment] 'had been in effect at the time the defendant was sentenced.'" United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1), (d)). If the defendant is eligible for a sentence reduction, "'a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' which are contained in U.S.S.G. § 1B1.10." Tejeda, 2024 WL 458643, at *1 (quoting Martin, 974 F.3d at 136). Section 1B1.10(a)(2) provides, however, that a sentence reduction "is not authorized under 18 U.S.C. § 3582(c)(2) if ... [n]one of the amendments listed in subsection (d) [including Amendment 821] is applicable to the defendant." U.S.S.G. § 1B1.10(a)(2)(A).

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively. See U.S.S.G. § 1B1.10(d); United States v. Baez, 2024 WL 1250583, at *1 (S.D.N.Y. Mar. 22, 2024). As applicable here, Part B of Amendment 821 provides a decrease of two offense levels for zero-point offenders (offenders who have no criminal history points) and whose offense did not involve specific aggravating factors.[3]  See U.S.S.G. § 4C1.1.1; see also

---

[3]     Part A of Amendment 821 addresses "status points," which refer to two additional criminal history points added to an offender's sentence if the offender committed the instant federal offense while still serving a sentence in another case. United States v. Ewing, 2024 WL 1250685, at *1 (S.D.N.Y. Mar. 21, 2024). It decreases status points by one point for offenders with seven or more criminal history points and eliminates them altogether for offenders with six or fewer criminal history points. See U.S.S.G. § 4A1.1(e). Because Mr. Pagartanis had zero criminal history

3

Tejeda, 2024 WL 458643, at *2. Two such aggravating factors that preclude relief are met when: (1) the defendant "personally cause[d] substantial financial hardship," see id. § 4C1.1(a)(6); and when (2) the defendant "receive[d] an adjustment under § 3A1.1"—the vulnerable victim enhancement, see id. § 4C1.1(a)(9).

While Mr. Pagartanis has zero criminal history points, Part B of Amendment 821 does not apply because at least one aggravating factor is present. For example, U.S.S.G. § 4C1.1(a)(6) is present because Mr. Pagartanis personally stole over $13 million from more than a dozen victims —almost all of whom were elderly women—through the sale of fraudulent investments and Ponzi scheme-like activity. (See PSR ¶¶ 1–54.) Additionally, U.S.S.G. § 4C1.1(a)(9) is present too; as mentioned above, I determined that the vulnerable victim enhancement applied at Mr. Pagartanis's sentencing proceeding. (See Ex. 2 at 15:12–16:4, ECF No. 47-2.) Therefore, Mr. Pagartanis is ineligible for a sentence reduction. See Tejeda, 2024 WL 458643, at *2; see also U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,274 (effective Nov. 1, 2023) ("While determining that a reduction is appropriate for some offenders with zero criminal history points, the Commission also identified circumstances in which zero-point offenders are appropriately excluded from eligibility in light of the seriousness of the instant offense of conviction or the existence of aggravating factors in the instant offense.") (emphases added)). Because Mr. Pagartanis is ineligible for a sentence reduction, this Court need not analyze the factors set forth in 18 U.S.C. § 3553(a). See id.

## II. CONCLUSION

For the above reasons, Mr. Pagartanis's motion is DENIED. The Clerk of Court is respectfully directed to close ECF No. 57. The Court further certifies under 28 U.S.C. § 1915(a)(3)

---

points at the time of sentencing, Part A does not apply. See U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,272 (effective Nov. 1, 2023) (defining "status points" as "the additional criminal history points given to offenders for the fact of having committed the instant offense while under a criminal justice sentence" (emphasis added)); see also PSR ¶ 74.

4

that any appeal from this Memorandum and Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is also respectfully directed to mail a copy of this Order to Mr. Pagartanis at his address of record.

**SO ORDERED.**

Dated: May 10, 2024
Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE